**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| TIMOTHY B. SMITH, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO. |
| : | 1:08-CV-1888-JOF |
| KENAN TRANSPORT, LLC, doing : | |
| business as Kenan Transport Company, : | |
| and CONCENTRA, : | |
| : | |
| Defendants. : | |

**OPINION AND ORDER**

The instant matter is before the court on Plaintiff Timothy Smith's Motion for Reconsideration [16].

On June 28, 2008, Plaintiff filed a Motion to Remand. Plaintiff argued that (1) there was no diversity in this matter because Defendant "Concentra" was a citizen of Georgia because it had a registered agent in Georgia and was licensed to do business here, and (2) Defendant Kenan Transport, LLC's ("Kenan") Motion for Removal was improper because Kenan filed it without "Concentra's" consent. On October 17, 2008, this court issued an order denying Plaintiff's Motion to Remand. The court found that (1) the actual party in interest was Concentra Healthcare Services, Inc. ("CHS"), (2) CHS was a citizen of Nevada where it is incorporated and Texas where its principal place of business is located, (3) the

fact that CHS is licensed to do business in and has a registered agent in Georgia was irrelevant to determining CHS's citizenship, and (4) diversity existed. The court likewise found that Kenan did not have to obtain CHS's consent to file its removal petition because Plaintiff never properly served CHS. The court determined that Plaintiff had improperly served CHS because Plaintiff delivered a summons for "Concentra" to a registered agent with three clients having "Concentra" in their name; the registered agent informed Plaintiff it would not accept service; and Plaintiff failed to go to the Secretary of State's office and determine which entity needed to be served.

Plaintiff filed the instant Motion for Reconsideration on November 20, 2008. Plaintiff's motion does not appear to assert any new arguments or additional relevant authority. Local Rule 7.2E informs parties that the court "does not reconsider its orders as a matter of routine practice," and directs parties to only file motions for reconsideration if "absolutely necessary." A motion for reconsideration may be necessary if there is (1) newly discovered evidence, (2) an intervening development or change in controlling law, or (3) the need to correct a clear error or prevent manifest injustice. *Preserve Endangered Areas v. United States Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga.1995), *aff'd*, 87 F.3d 1242 (11th Cir.1996). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Id.* Here, Plaintiff has presented no newly discovered evidence, has cited no

AO 72A
(Rev.8/82)

intervening development or change in controlling law, and has not shown the need to correct a clear error or prevent manifest injustice. Plaintiff has shown no reason why the court's order should be reconsidered.

In responding to Plaintiff's motion, Defendant Kenan requested that the court impose sanctions pursuant to its inherent authority or its power under 28 U.S.C. § 1927 in the form of the attorneys' fees and costs necessary to respond to Plaintiff's motion. While the court agrees with Defendant that Plaintiff's motion is largely incomprehensible, fails to cite relevant law, and is riddled with careless errors, the court finds that Plaintiff's motion does not rise to the level of sanctionable conduct, and responding to an isolated number of motions such as Plaintiff's is often the unfortunate cost of engaging in litigation.

Plaintiff's Motion for Reconsideration [16] is DENIED.

**IT IS SO ORDERED** this 14th day of April 2009.

s/ J. Owen Forrester
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)